IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 16-5839 |
| v. | : | |
| | : | |
| ANITA C. CICCONE, | : | |
| Defendant. | : | |

**February 2, 2017**                                                                                           **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff United States of America brings this student loan collection action against Defendant Anita C. Ciccone. Plaintiff moves for allowance to serve Defendant by mail and posting the summons and complaint at Defendant's last known address because Plaintiff has been unable to personally serve Defendant. Because Plaintiff's efforts to locate and serve Defendant are insufficient and the proposed alternative service is not reasonably calculated to provide Defendant with notice, I will deny Plaintiff's Motion for Service by Posting Property and Certified Mail.

"[C]onstitutional due process requires that service of process be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Under Federal Rule of Civil Procedure 4(e)(1), service may be executed pursuant to the law of the state where the district court is located or where service is made. Because this Court is located in Pennsylvania, Plaintiff seeks to provide alternative service to Defendant pursuant to

1

Pennsylvania law.  Pennsylvania Rule of Civil Procedure 430(a) provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).

"Alternative service is only appropriate as a 'last resort' when personal service cannot be made."  *United States v. Linares*, No. 16-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (quoting *Johnson v. Berke Young Int'l L.L.C.*, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007)); *Barbosa v. Dana Capital Grp., Inc.*, No. 07-1724, 2009 WL 902339, at *4 (E.D. Pa. Mar. 31, 2009); *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004).  In order to obtain permission for alternative service, a plaintiff must show that: "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternate means of service is 'reasonably calculated to provide the defendant with notice.'"  *Linares*, 2016 WL 7014192, at *1 (quoting *Premium Payment Plan v. Shannon Cab Co.*, No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007); *Calabro*, 464 F. Supp. 2d at 472.

### Good Faith Effort to Locate Defendant

Rule 403(a) provides the following list of examples of good faith efforts: "(1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search."  Pa. R. Civ. P. 430(a) note.  A good faith effort to locate a defendant may also include hiring private

investigators or skip tracer services.  *Linares*, 2016 WL 7014192, at *2; *Barbosa*, 2009 WL 902339, at *5.  "[I]t is clear that 'more than a mere paper search is required' before service by publication will be permitted."  *Barbosa*, 2009 WL 902339, at *5 (quoting *Deer Park Lumber, Inc. v. Major*, 559 A.2d 941, 946 (Pa. Super. Ct. 1989)).  Unless a plaintiff uses most of these methods to locate the defendant, the plaintiff will be unable to demonstrate that s/he has made a good faith effort to personally serve the defendant.  *Linares*, 2016 WL 7014192, at *2; *Barbosa*, 2009 WL 902339, at *5.

      Here, Plaintiff's efforts to locate Defendant are insufficient to justify alternative service.  Plaintiff's attempts to locate Defendant are listed on an "Affidavit of Good Faith Investigation" that outlines an investigation into Defendant's whereabouts.  The truncated affidavit lists, albeit with minimal explanation, that the following investigation occurred: a death record search, an undefined employment search, a creditor header inquiry, an undefined professional licenses search, a postal Freedom of Information Act inquiry, a military search, calls to an unnamed possible relative and an unnamed possible neighbor, and to a possible number belonging to Defendant, a correctional search, and a search of three social media sites. Pl.'s Mot. Ex. B, ECF No. 2-3.  Very few of these searches produced any information about Defendant.  Moreover, Plaintiff provides no additional evidence, such as Defendant's credit report, to bolster the adequacy of the investigation.  While the affidavit reflects that the investigator made calls to a possible relative and a possible neighbor, these individuals are not identified by name, there is no evidence to support their possible connection to Defendant, and the investigator never reached anyone during these calls nor left any messages.  Additionally, Plaintiff made no inquiry of voter registration records, tax records, or the ownership or rental status of Defendant's last known address—additional sources of information that could have helped to determine Defendant's

whereabouts. *See Linares*, 2016 WL 7014192, at *2

Many other courts in this district have encountered almost identical "Affidavits of Good Faith Investigation." In each case, these affidavits have been produced by the same legal services support firm and submitted to the court by the same law firm. Several of these courts have concluded that these affidavits are insufficient to establish Plaintiff's good faith effort to locate the defendant. *See,* Order, *United States v. Mark K. Ishmael*, No. 16-5376, at *2-3 (E.D. Pa. Jan. 5, 2017), ECF No. 3; *Linares*, 2016 WL 7014192 at *2; *United States v. Chhay*, No. 15-2078, 2015 WL 5460640, at *2 (E.D. Pa. Sept. 17, 2015). *But see Unites States v. Lori Cassel*, No. 12-784, 2013 WL 2495145, at *2 (E.D. Pa. June 11, 2013). Because of the above outlined deficiencies in the investigation, Plaintiff has not demonstrated a good faith effort to locate Defendant.

### Practical Efforts to Serve Defendant

A plaintiff must also demonstrate that he has made practical efforts to serve the defendant. "Generally, a plaintiff must make multiple attempts to serve a defendant in order to demonstrate that alternative service is necessary." *Linares*, 2016 WL 7014192, at *2 (E.D. Pa. Nov. 30, 2016). "Half-hearted attempts at service will not do." *Calabro*, 464 F. Supp. 2d at 473. In circumstances where a plaintiff has made only three attempts at service, courts have often been unwilling to find that the plaintiff has made practical efforts to serve the defendant. *See Linares*, 2016 WL 7014192, at *3 (holding that the plaintiff did not make practical efforts to serve the defendant after three attempts at service); *Chhay*, 2015 WL 5460640, at *2-3 (same); *Calabro*, 464 F. Supp. 2d at 473 (same). "[A]s many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical efforts were made to serve the defendant." *Linares,* 2016 WL 7014192, at *2 (E.D. Pa. Nov. 30, 2016); *Olympic Steel, Inc. v.*

*Pan Metal & Processing, LLC*, No. 11-6938, 2012 WL 682381, at *3 (E.D. Pa. Mar. 2, 2012); *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009).

In this case, the process server made only one attempt to serve Defendant on New Year's Day observed, January 2, 2017. Pl.'s Mot., Ex. A, ECF No. 2-3. The attempt failed and the process server noted that the property was empty inside and vacant. *Id.* The fact that the property was vacant should not have been an indication to Plaintiff that no further service attempts were necessary. Rather, Plaintiff should have realized that further efforts to locate Defendant were necessary because Defendant did not reside at her last known address. This single attempt to serve Defendant on New Year's Day observed—a federal holiday—is insufficient to establish that Plaintiff made practical efforts to serve Defendant.[1] *See Viking Ins. Co. of Wisconsin v. Rivas*, No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) ("[B]ecause plaintiff has only attempted service . . . one time, plaintiff has clearly not satisfied the 'practical efforts to serve' requirement."); *Banegas*, 2009 WL 1140268, at *2 ("To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.").

**Alternative Service Reasonably Calculated to Provide Defendant with Notice**

Lastly, a Plaintiff must demonstrate that the proposed alternative service is reasonably calculated to provide the defendant with notice. Serving Defendant by mail and posting the summons and complaint at Defendant's last known address is not reasonably calculated to

---

[1] Although further attempts at service to this address might have been futile, Plaintiff did not make a good faith effort to locate Defendant. If Plaintiff had made a good faith effort to locate Defendant, then Plaintiff may have been able to make further attempts at service at a different address. *Viking Ins. Co. of Wisconsin v. Rivas,* No. 12-6899, 2013 WL 1842229, at *3 n.4 (E.D. Pa. May 1, 2013) ("Even if plaintiff could show that another attempt at service would be futile because defendants' addresses are likely to be incorrect, its motion would still be denied. Although the listed addresses for the defendants may be incorrect, plaintiff has not shown a good faith effort to locate any other addresses for them.")

provide Defendant with notice because, as the process server observed, the property located at this address is vacant.

I will deny Plaintiff's motion for alternative service because Plaintiff has not made a sufficient effort to locate and serve Defendant and the proposed alternative service is not reasonably calculated to provide Defendant with notice.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: